IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PAMELA BRANCH, ) | C.A. No. 2:04-23020-25 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

In this case, the plaintiff seeks judicial review of the final decision of the Commissioner denying her application for social security disability insurance benefits. The plaintiff alleges disability commencing June 1, 1997, due to fibromyalgia, pain in her back, chest, and right leg, fatigue, and depression.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Robert S. Carr, to whom this case had previously been assigned. In his Report, Magistrate Judge Carr recommends that the defendant Commissioner's decision denying the plaintiff's application for benefits be reversed and that the case be remanded to the Commissioner for further administrative proceedings. Specifically, the Magistrate Judge concluded that:

> The case should be reversed and remanded to the Commissioner for a proper evaluation of whether the plaintiff's impairments, singly and in combination, are severe within the meaning of the Act and a determination of the plaintiff's residual functional capacity and to explicitly indicate the weight given to

1

relevant evidence.

As reasoned by the Magistrate Judge:

> ...the administrative law judge failed to follow [SSR Ruling 85-28] when he reasoned, "there is no documented medical evidence in the records that the claimant has any limitations in her ability to [perform basic work related activities...]
>
> Further, the administrative law judge did not perform an evaluation of the effects of the plaintiff's impairment(s) on the plaintiff's ability to do basic work activities, as required by SSR 85-28.

The defendant Commissioner has filed objections to the Magistrate Judge's Report.

In essence, the defendant Commissioner argues that the Magistrate Judge erred by not concluding that substantial evidence supports the Commissioner's final decision.

In conducting its review of the Magistrate Judge's Report, this Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed, *de novo*, the Report and the objections thereto. The Court accepts the Report.

2

As the record reflects, Dr. Donald Der-Sun Wu, first examined the plaintiff in the early 1980's (Tr. p. 166). On December 24, 2003, Dr. Wu opined that:

> It is [his] opinion that [the plaintiff] is unable to work in any capacity due to the number and severity of varying and changing symptoms associated with [her medical condition].

As well, Dr. Wu further stated that:

> ...[the plaintiff] has been incapable of sustaining employment since diagnosed with fibromyalgia in 1997 due to not only physical limitations, but mental duress, as well.

Additionally, Dr. Paul Freel noted that:

> Mrs. Branch was diagnosed in 1997 but her symptoms began many years before that after suffering significant emotional events.

Likewise, Dr. Freel opined that:

> ...the plaintiff [was] making every effort to function as well as she can given her condition, however, she still is significantly disabled.

Thus, contrary to the conclusions of the Administrative Law Judge, there was medical evidence presented that the plaintiff was limited in her ability to perform basic work-related activities For this reason, the undersigned concludes that the final decision of the Commissioner should be reversed and remanded to the Commissioner for further administrative proceedings.

In sum, **IT IS HEREBY ORDERED** that the Report is **ACCEPTED**, defendant's objections are **OVERRULED**, and the defendant's decision denying the plaintiff's application for benefits is **REVERSED** and the instant case is **REMANDED** to the Commissioner for further administrative proceedings.

3

Upon remand, the Commissioner shall properly evaluate whether the plaintiff's impairments, singly and in combination, are "severe" within the meaning of the Social Security Act and properly determine the plaintiff's residual functional capacity, explicitly indicating the weight given to all relevant evidence.

**IT IS SO ORDERED.**

                                        s/ Terry L. Wooten
                                        Terry L. Wooten
                                        United States District Court Judge

December 19, 2005
Florence, South Carolina